Megan L. Dishong
GARLINGTON, LOHN & ROBINSON, PLLP
350 Ryman Street • P.O. Box 7909
Missoula, MT  59807-7909
Telephone (406) 523-2500
Telefax (406) 523-2595
mldishong@garlington.com

Attorneys for Defendant Jonathan Janetski

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| UNITED STATES OF AMERICA, | CAUSE NO. CR 11-37-M-DWM |
|---|---|
| Plaintiff, | |
| v. | DEFENDANT JANETSKI'S RESPONSE TO UNITED STATES' MOTIONS IN LIMINE |
| JONATHAN JANETSKI, MICHAEL KASSNER, and TYLER ROE, | |
| Defendants. | |

Defendant Jonathan Janetski ("Janetski") submits this brief in response to the United States' motions in limine.  Some of the government's motions correctly point out the inapplicability of certain defenses in cases allegedly involving the manufacture and distribution of medical marijuana.  However, the government's

brief overreaches by attempting to preclude Mr. Janetski from introducing all relevant evidence relating to the circumstances of the alleged offense, and the motions should be denied to this extent.  Further, the government's motion to exclude the defense of entrapment by estoppel should be denied.  This motion's requested relief invades the province of the jury because an entrapment by estoppel defense involves questions of fact.

## FACTUAL BACKGROUND

Mr. Janetski is charged in a three-count indictment with conspiracy to manufacture marijuana in violation of 21 U.S.C. § 846, conspiracy to distribute marijuana in violation of 21 U.S.C. § 846, and possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1).  The charges arise from his alleged involvement in an operation to grow and distribute medical marijuana.

Mr. Janetski does not dispute the United States' "Factual and Procedural Background" to the extent it correctly sets forth the development of medical marijuana laws in Montana and the Attorney General's current position on medical marijuana.  However, Mr. Janetski denies both the characterization of his conduct that is discussed in the government's "Factual and Procedural Background," as well as the government's position that his alleged conduct constitutes a crime under federal law.

//

ARGUMENT

A.  Mr. Janetski Should Be Permitted to Introduce Evidence Relating to the Circumstances Surrounding His Alleged Conduct, Even Though He May Be Precluded From Asserting Certain Defenses.

The United States moves in limine to exclude: (1) evidence of a "medical necessity" defense or Montana law which legalizes medical marijuana; (2) any defense that Defendants acted based on a belief their conduct was lawful; and (3) any defense based on good faith, mistake of law, or advice of counsel. Dkt. 30 at 6-19. To the extent the United States seeks to preclude Mr. Janetski from asserting these defenses to the charges against him, it is true that courts have consistently rejected the use of such defenses in federal prosecutions involving medical marijuana. It is Mr. Janetski's belief that these decisions are incorrectly decided, and, in order to preserve these arguments for appeal, he asserts here that the decisions barring such defenses should be revisited by the Ninth Circuit Court of Appeals and the United States Supreme Court.

Regardless of whether these defenses are available, numerous courts have also found that a defendant is not precluded from testifying or introducing evidence regarding the general circumstances underlying an alleged crime, including circumstances relating to a medical marijuana operation. *See e.g. U.S. v. Smith*, 2008 WL 1909224 *3 (C.D. Cal. April 28, 2008); *U.S. v. Stacy*, 734 F. Supp. 2d 1074, 1084 (S. D. Cal. 2010); *U.S. v. Rosenthal*, 2007 WL 2012734 *3

(N.D.Cal. July 6, 2007). As one Court noted, "[w]hile such evidence is not a valid defense to the federal charges," as a practical matter, "evidence of medical marijuana would inevitably come up, and did come up, during the trial." *Rosenthal*, 2007 WL 2012734 at *3. Even though the above defenses are not available, a defendant may still offer evidence as to "why and for what purpose they cultivated marijuana. Such testimony will allow the jury to understand the context within which the alleged crimes took place." *Smith*, 2008 WL 1909224 *3 (citing *U.S. v. Daly*, 974 F.2d 1215, 1216 (9th Cir. 1992)).

The Court should deny the government's motions in limine to the extent the motions seek to preclude Mr. Janetski from offering any evidence or testimony relating to the circumstances of the alleged offense. If he chooses to testify or question others who were allegedly involved in the medical marijuana operation, Mr. Janetski should be able to present evidence that "will allow the jury to understand the context within which the alleged crimes took place." *Smith*, 2008 WL 1909224 *3. Given the context of the allegations against Mr. Janetski, because medical marijuana is implicated, it will be difficult if not impossible for Mr. Janetski to put on evidence explaining the circumstances surrounding these allegations if he cannot so much as utter the words "medical marijuana."

The Court can better address these evidentiary issues at trial by relying on the parties to object at the appropriate time, at which point the Court may rule on

the objections to particular evidence on a case-by-case basis. To prevent any confusion to the jury, the Court may provide the jury "with the appropriate limiting instructions explaining their duty to follow the law as instructed by the Court, and the inapplicability of [state medical marijuana laws] as a defense to federal charges." *Smith*, 2008 WL 1909224 *3.

B.  Whether There Is Evidence Sufficient to Support an Entrapment by Estoppel Defense Is a Factual Question for the Jury.

The United States' motion in limine as to the defense of entrapment by estoppel should be denied because it is premature. An entrapment by estoppel defenses requires proof that:

> (1) an authorized government official, empowered to render the claimed erroneous advice, (2) who has been made aware of all the relevant historical facts, (3) affirmatively told him the proscribed conduct was permissible, (4) that he relied on the false information, and (5) that his reliance was reasonable.

*U.S. v. Batterjee*, 361 F.3d 1210, 1216 (9th Cir. 2004) (internal citations and quotation marks omitted). While Mr. Janetski agrees with the government's statement of the elements of an entrapment by estoppel defense, the government overlooks the nature of the entrapment by estoppel defense: "The question of entrapment is generally *one for the jury*, rather than for the court." *Mathews v. United States*, 485 U.S. 58, 63 (1988) (emphasis added). As the Ninth Circuit recently stated, "when there are 'definite conflicts in the testimony on the issue of how" the defendant became involved in alleged drug distribution, "the issue of

5

1039788

whether the defendant was entrapped 'is a credibility question for the jury.'" *U.S. v. Schafer*, 625 F.3d 629, 637 (9th Cir. 2010) (quoting *United States v. Griffin*, 434 F.2d 978, 981 (9th Cir. 1970)).  In the context of medical marijuana cases, whether a defendant is "lulled into believing [a] marijuana operation was legal and done on the express authorization of agents who could bind the federal government necessitate[s] a credibility determination that [falls] within the province of the jury." *Schafer*, 625 F.3d at 637.  *See also U.S. v. Lynch*, 2010 WL 1848209 *7, n. 9 (C.D. Cal. April 29, 2010) (noting that "the jury was instructed in regards to the entrapment by estoppel defense" in a medical marijuana-related trial).

"[A] defendant is entitled to [an] entrapment instruction whenever there is sufficient evidence in [the] record from which a reasonable jury could find entrapment." *U.S. v. Gurolla*, 333 F.3d 944, 957 (9th Cir. 2003) (citing *Mathews*, 485 U.S. at 62).  In *Lynch*, for example, the Court instructed the jury on entrapment by estoppel based on the defendant's testimony that he had telephoned a DEA branch office as to the legality of his medical marijuana operation.  *Lynch*, 2010 WL 1848209 *7, n. 9.

Mr. Janetski should have the opportunity to present facts at trial that could establish an entrapment by estoppel defense.  The government's discussion of this defense is dedicated almost entirely to discussing the "Ogden Memo," the memorandum the Deputy Attorney General for the United States issued which

1039788

addressed federal prosecutions in states that have legalized medical marijuana. It is Mr. Janetski's belief that that Ogden Memo constitutes a sufficient statement by the government to warrant a potential entrapment by estoppel defense. The Ogden Memo states that the United States will not focus resources "on individuals whose actions are in clear and unambiguous compliance with existing state law providing for the medical use of marijuana." Ogden Memo, Dkt. 30-1 at 1-2. Mr. Janetski's position is that he relied on these statements in a manner that constitutes entrapment, and he should have the opportunity to present facts related to the Ogden Memo as a defense at trial.

Further, the government fails to address whether there might be other circumstances under which Mr. Janetski could demonstrate the defense applies. The Court should allow Mr. Janetski the opportunity to present evidence at trial regarding both (1) his reliance on the Ogden Memo as evidence of entrapment and (2) other evidence that he had communications with authorized government officials that constitute entrapment. Following presentation of his defense, the Court can then determine whether "there is sufficient evidence in the record from which a reasonable jury could find entrapment." *Gurolla*, 333 F.3d at 957.

## CONCLUSION

Mr. Janetski respectfully requests the Court deny the United States' motions in limine to the extent they prevent Mr. Janetski from introducing evidence

7

1039788

regarding the circumstances surrounding his alleged conduct. Such objections are better addressed as they arise at trial. Mr. Janetski further requests that the Court deny the United States' motion in limine to preclude evidence of entrapment by estoppel because it is a factual question for the jury.

DATED this 17th day of August, 2011.

                                        /s/   Megan L. Dishong
                                  Attorneys for Defendant Jonathan Janetski

8

1039788

CERTIFICATE OF COMPLIANCE

Pursuant to L.R. 7.1(d)(2)(E), I certify that this *Defendant Janetski's Response to United States' Motions in Limine* is printed with proportionately spaced Times New Roman text typeface of 14 points; is double-spaced; and the word count, calculated by Microsoft Office Word 2007, is 1,513 words long, excluding Caption, Certificate of Service and Certificate of Compliance.

/s/   Megan L. Dishong
Attorneys for Defendant Jonathan Janetski

1039788