IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR 11–37–M–DWM–1 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| JONATHAN JANETSKI, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The defendant, Jonathan Janetski, moves the Court to produce grand jury transcripts (dkt # 76) and dismiss the indictment (dkt # 78). Mr. Janetski, however, filed his motions after the motions deadline had expired. See Local Rule 6.1 (requiring parties to file before 5:00 p.m. (Mountain Time) on the due date); (dkt # 67) (stating that the due date for motions was November 14, 2011). Thus, the Court denies his motions as untimely. See Parker v. Joe Lujan Enters., Inc., 848 F.2d 118, 121 (9th Cir. 1988) (holding that a district court's denial of a motion was "more than adequately support[ed]" where the motion "was untimely under the district court's scheduling order" and "in violation of the local rules.")

Even if the Court were to rule on the merits of Mr. Janetski's motions, the Court would reject them. First, as to the grand jury transcripts, Mr. Janetski offers a one-sentence, generalized explanation of why the transcripts should be disclosed. (Dkt # 76). Such an explanation falls short of the "particularized need" that he must show in order to access the transcripts. United States v. Nash, 115 F.3d 1431, 1440 (9th Cir. 1997); see also Douglas Oil Co. v. Petrol Stops Nw., 441 U.S. 221, 222 (1979). Second, Mr. Janetski's motion to dismiss fails because, regardless of what state law permits, the Supremacy Clause of the United States Constitution requires courts to follow federal law. PLIVA, Inc. v. Mensing, 131 S. Ct. 2567, 2577 (2011) ("Where state and federal law directly conflict, state law must give way" (citations and internal quotation marks omitted)); see also Gonzalez v. Raich, 545 U.S. 1, 29 (2005) (concluding that a state law permitting possession and cultivation of marijuana does not place those activities beyond congressional reach because, "The Supremacy Clause unambiguously provides that if there is any conflict between federal and state law, federal law shall prevail."). Since federal law prohibits the activities that Mr. Janetski is alleged to have committed, the Court would therefore deny his motion to dismiss on the merits.

Accordingly, IT IS HEREBY ORDERED that Jonathan Janetski's Motion

to Produce Grand Jury Testimony (dkt # 76) is DENIED.

IT IS FURTHER ORDERED that Mr. Janetski's Motion to Dismiss Based on the Ninth & Tenth Amendments and on the Principles of Judicial & Equitable Eestoppel (dkt # 78) is DENIED.

Dated this 15th day of November, 2011.

DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT